Moses Morton & wife *vs.* William Perry, Executor.

Promissory notes and other securities for the payment of money will pass by a bequest of money, where such is manifestly the intention of the testator.

A testator, after reciting that he had sold his real estate and paid to his heirs, in cash, the largest part of their portions, and that he was making his will, " dividing the residue," gave legacies to his wife and two of his heirs, in full of their portions : He then bequeathed to his three other heirs all the money which should be left at his decease : At the date of his will, almost all his property consisted of promissory notes and money on hand : The amount of money then on hand could not be ascertained ; but he commonly had not more than twenty or thirty dollars : At his decease, he had promissory notes to the amount of more than $ 2300, and only $ 31 in money. *Held,* that the money due on his notes, at his decease, passed by the bequest of money left.

This was an appeal by Moses Morton, and his wife Mary Ann, a granddaughter and heir at law of Tyler Perry, from a decree of the judge of probate for this county.

Said Perry, on the 30th of October, 1833, made his last will, beginning thus : " Having disposed of all my real estate, and paid out to my heirs the largest part of their portion in personal estate, in cash, I do make and publish this my last will and testament, dividing the residue in manner and form following." He then made bequests to his wife, his oldest son, and his said granddaughter, which he declared to be their respective portions in full. To his son William, whom he constituted his executor, he bequeathed his household furniture and farming tools ; and

$100 to a religious society in Athol, to be put on interest, &c. All the money which should be left at his decease, he bequeathed, by the fourth clause in his will, to his said son William, and to his two other heirs at law, viz. Nancy Wheelock, and Clarissa Goddard, to be equally divided among them.

The said executor rendered his account of administration, by which it appeared that after payment of charges of administration, and all the legacies, except that given by said fourth clause, there remained in his hands $2343.36. Said account was allowed by the judge of probate, and he thereupon ordered the executor to dispose of said balance " according to said will." The appellants afterwards " made application to said judge to decree a distribution of the said balance among the heirs at law of the deceased, as intestate estate ; but the judge decreed and determined that said balance was testate estate, and refused to allow said application." This appeal was then taken.

Before the said account was settled by said executor, the legacy, given by the will to Mrs. Morton, was received and accepted by her husband.

It was agreed by the parties, that at the time when the testa tor executed his will, " his property consisted of a pew in a meetinghouse in Athol, a horse and chaise, various promissory notes against different individuals, and what money he then had on hand : That he sometimes had a considerable amount of money on hand, but that he commonly did not have more than twenty or thirty dollars." At the time of his decease, he had $31 only in cash ; but he had promissory notes to the amount of about $2354.

*Washburn,* for the appellants, argued that the notes, as well as the pew, were intestate property. They are not mentioned in the will, and extrinsic matter is not to be resorted to, when the testator's meaning appears in the will itself. *Wadsworth* v. *Ruggles,* 6 Pick. 68. Legacies by implication are not to be supported, unless the testator's intention is clear. *Grout* v. *Hapgood,* 13 Pick. 164.

The purpose, expressed in the preamble to the will, of dividing the residue of the testator's property, cannot be carried into

effect, unless the bequeathing clause is sufficient to do it. *Lippett* v. *Hopkins*, 1 Gallis. 458. *Bullard* v. *Goffe*, 20 Pick. 252.

A legacy of money is adeemed by a loan thereof and taking notes therefor by the testator. *Stanley* v. *Potter*, 2 Cox, 180. 2 Fonbl. (Laussat's ed.) 589, and *notes*. 2 Williams on Executors, 820. 1 Roberts on Wills, c. 2, § 19.

The notes did not pass by the bequest of " money left." *Stuart* v. *Marquis of Bute*, 11 Ves. 662. *Fleming* v. *Brook*, 1 Sch. & Lef. 318. *Penniman* v. *French*, 17 Pick. 404. *Mann* v. *Mann*, 1 Johns. Ch. 231.

The testator, by declaring that certain of the legacies given by him should be " in full " of the legatees' portions, showed that he mistook the amount of his property ; and such a mistake will not affect them. *Campbell* v. *French*, 3 Ves. 321.

*C. Allen*, for the appellee. Though the word " money," when taken alone, will not include notes, yet where from the whole will it is clear that the testator intended to pass them under that denomination, his intention shall be carried into effect. *Gallini* v. *Noble*, 3 Meriv. 691. 2 Williams on Executors, 753, 754. In this case, there can be no doubt, on inspecting the different parts of the will, and taking into consideration the state of the testator's affairs, that by " money left " he meant money due to him, as well as money on hand. The condition, &c. of his property, is to be regarded, in ascertaining his intention. *Sargent* v. *Towne*, 10 Mass. 303. 2 Roberts on Wills, c. 1, § 4. 3 Meriv. *ubi sup*.

WILDE, J. The balance in the hands of the executor was received by him in payment of sundry notes of hand due to the testator, excepting $31, which was left in cash at the time of his decease. These notes of hand were not mentioned in the will, and were not disposed of thereby, unless they passed under the following clause. " Item 4th. I give unto Nancy Wheelock, Clarissa Goddard, and William Perry, all the money which is left at my decease, to be equally divided between them."

It is certainly true, that by a gift or bequest of money, notes

of hand and other securities for the payment of money will not
pass, unless it appears by the will that it was the intention of the
testator to bequeath them.    And the question is, whether in
the present case such an intention is manifested in the will in
question.    And we think that it is.    By the first clause in the
will it appears clearly that the testator intended to dispose of all
his property.    The words are, "Having disposed of all my
real estate, and paid out to my heirs the largest part of their
portion in personal estate, in cash, I do make and publish this
my last will and testament, dividing the residue in manner and
form following."

At the time of making the will, the testator was possessed of
very little property, excepting the notes of hand in question; it
consisted of a pew in the meetinghouse, a horse and chaise, and
his household furniture and farming tools, which furniture and
tools were bequeathed to his son William Perry.    The other
property was nearly sufficient to pay the legacies specified in the
will.    This being the state of the testator's property, it seems
incredible that he should have omitted by mistake to make any
disposition of the large amount of money due to him on his notes
of hand; and the inference is strong that he intended by the
words, "all the money left at my decease," to include money
due, as well as money on hand.    There is another consideration
which strongly confirms this inference.    It is agreed that the
testator commonly had but little money on hand, not more than
twenty or thirty dollars.

Now it cannot be credited, that it was the intention of the tes-
tator to dispose of such an inconsiderable sum, dividing it too
among three legatees, and to leave nine tenths of his property
undisposed of.    We think he considered the clause in question
in the nature of a residuary bequest, although it is not expressly
so declared.    We cannot doubt that his intention was that his
money at interest, at the time of his decease, should be collect-
ed by his executor, and with the money on hand should be paid
over to the legatees who now claim it, except so much thereof
as might be required to pay the specific legacies and all charges

38 *

of administration. Any other construction of the will would in our opinion be inconsistent with the manifest intention of the testator, and too unreasonable to be admitted.

*Decree of the judge of probate affirmed.*